**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| AARON BURNETTE, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| Plaintiff, | ) | CASE NO.: 5:22-CV-02342 |
| | ) | |
| vs. | ) | <u>ORDER AND DECISION</u> |
| | ) | (Resolving Doc. 31, 32) |
| CITY OF NORTON, et. al, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Pending before this Court are Defendants' The City of Norton ("Norton"), Kevin Starling ("Starling"), and Ryan Connell's ("Connell") motions for judgment on the pleadings pursuant to Fed.R. 12(c). Docs. 31, 32. Plaintiff Aaron Burnette has filed his Opposition to the Motions (Doc. 35) and Defendants have replied (Docs. 36, 39). For the reasons set forth below, the Court GRANTS Norton's motion and DISMISSES the claims against it. The Court GRANTS Starling and Connell's motion in part and DENIES it in part.

I.  STATEMENT OF FACTS

In May of 2019, the Norton Police Department began investigating Burnette for alleged inappropriate behavior toward minors. Doc. 25, ¶15. Detectives Starling and Connell were assigned to the case. Doc. 25, ¶16. This investigation was subsequently closed because the allegations could not be substantiated. Doc. 25, ¶17. However, Starling and Connell continued to

1

investigate Burnett regarding his interactions with the minors, noting that Burnette was "creating friendships with young girls not typical or appropriate to their ages and stations in life." Doc. 25, ¶18. In the Summer of 2020, a minor, A.B., allegedly stated that she was uncomfortable around Burnette because he was "always touching her thighs" and picking her up. Doc. 25, ¶19. Starling subsequently contacted and met with A.B.'s parents. Doc. 25, ¶21. On July 31, 2020, A.B. made a report at the Norton Police Department that Burnette had touched her thighs and made her uncomfortable. Doc. 25, ¶24.

A.B.'s mother subsequently made an appointment for A.B. at the Akron Children's Hospital's CARE Center. Doc. 25, ¶25. At this appointment, A.B. told the nurse that Burnette touched her inappropriately multiple times. Doc. 25, ¶35.

On February 5, 2021, Burnette was indicted on two counts of gross sexual imposition by the Summit County Grand Jury. Doc. 25, ¶36. On February 10, 2021, Burnette turned himself in at the Barberton Municipal Courthouse and was transferred to the Summit County Jail and detained in solitary confinement until his bond hearing on February 17, 2021. Doc. 25, ¶36. The matter proceeded to trial, and on April 21, 2022, A.B. testified and recanted her prior statements. Doc. 25, ¶42. Burnette was subsequently acquitted on all charges. Doc. 25, ¶42.

On November 21, 2022, Plaintiff filed the instant complaint in state court. Doc. 1-1. On December 31, 2022 this matter was removed to this Court. Doc. 1. On May 12, 2023, Plaintiff filed his amended complaint, asserting various constitutional violations under 42 U.S.C. §1983 and for malicious prosecution under state law.

II.     ANALYSIS

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Ziegler v. IBP Hog Market, Inc*., 249 F.3d 509, 511-12 (6th Cir. 2001). The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although

3

this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

### A. COUNT ONE- Fourth Amendment Violations

In Count One, Plaintiff asserts that Starling and Connell deprived him of his Fourth Amendment right to be free from malicious prosecution and seizure/detention without probable cause. Doc. 25, p. 15. To establish a claim for malicious prosecution, Plaintiff must plead that "(1) that a criminal prosecution was initiated against the plaintiff and that the defendant ma[d]e, influence[d], or participate[d] in the decision to prosecute; (2) that there was a lack of probable cause for the criminal prosecution; (3) that, as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty ... apart from the initial seizure; and (4) that the criminal proceeding must have been resolved in the plaintiff's favor." *Jones v. City of Elyria, Ohio*, 947 F.3d 905, 918 (6th Cir. 2020) (emphasis added), citing *Sykes v. Anderson*, 625 F.3d 294, 308-309 (6th Cir. 2010).

Starling and Connell argue, in part, that Plaintiff cannot establish that there was a lack of probable cause because the Grand Jury returned an indictment against him, noting that "it is well-settled that the 'finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause'". Doc. 32, p. 3, quoting *Snow v. Nelson*, 634 F. App'x 151, 157 (6th Circ. 2015); *Barnes v. Wright*, 449 F.3d 709, 716 (6th Circ. 2006). In his Opposition, Plaintiff notes that the presumption of probable cause stemming from an

4

indictment is a rebuttable one. Doc. 35, p. 5. Plaintiff asserts in Count One that the decision to initiate a criminal felony prosecution against him was due to Starling and Connell's alleged "unlawful conduct" of fabricating evidence. Doc. 25, ¶47, 48. Thus, Plaintiff argues, he has asserted facts to rebut the presumption that his indictment conclusively determines the existence of probable cause.

In their reply, Starling and Connell concede that "at this state of the proceedings, and construing the facts most favorably to the non-moving party as required by Fed.R.Civ.P. 12(c), that Plaintiff's allegations are generally sufficient to overcome" a motion to dismiss as to Count One. This Court agrees. Whether the presumption regarding the indictment holds true in this case is not before the Court at this stage of the proceedings. Accordingly, Starling, Connell, and Norton's[1] motions for judgment on Count One is DENIED.

### B. COUNT TWO- Fifth and Fourteenth Amendment Violations

In Count Two, Plaintiff asserts that Starling and Connell violated his Fifth and Fourteenth Amendment rights. Doc. 25, p. 16. As Defendants point out, the Fifth Amendment relates to violations by the federal government. Doc. 31, quoting *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 649 n.3 (6th Cir. 2007). Plaintiff does not challenge this assessment, and therefore any claims regarding the Fifth Amendment are dismissed.

As to the remainder of Count Two, Plaintiff clarifies that his claim is based on the allegations that "Defendants fabricated evidence against Plaintiff, namely the CARE Center report,

---

[1] Norton moved to dismiss this Count despite that it was specifically brought only as to Starling and Connell.

and concealed evidence contradicting that report, for the sole purpose of sticking sexual imposition charges against Plaintiff." Doc. 35, p. 12-13. Further, Plaintiff contends that "[i]t is reasonable to deduce that the evidence affected the jury and would have resulted in a guilty verdict had minor A.B. not told the truth on the stand." Doc. 35, p. 13.

To prevail on a fabrication of evidence claim under the Fourteenth Amendment, "a plaintiff who was *convicted* must show that an officer 'knowingly fabricate[d] evidence against him' and a 'reasonable likelihood exists that the false evidence would have affected the jury's decision.'" *Anderson v. Knox Cty.*, No. 22-5280, 2023 U.S. App. LEXIS 17970, at *21 (6th Cir. July 13, 2023), quoting *France v. Lucas*, 836 F.3d 612, 629 (6th Cir. 2016). Here, Plaintiff was acquitted. Therefore, under no set of facts can he establish that there is "'a reasonable likelihood…that the false evidence would have affected the jury's decision.'" Id. Accordingly, Defendants' motions for judgment on Count Two is GRANTED and the claim is DISMISSED.

      C.      **COUNT THREE- Fourteenth Amendment Substantive Due Process**

In his third cause of action, Plaintiff asserts that Starling and Connell violated his substantive due process rights as found under the Fourteenth Amendment. Specifically, Plaintiff asserts that his "due process rights were violated by Starling and Connell's affirmative abuses of power, which consisted, nonexclusively, of deliberate witness manipulation, the manufacturing of fictional witness testimony, and obstruction of evidence[.]" Doc. 35, p. 14, citations omitted.

The use of substantive due process analysis is precluded when a more specific constitutional provision governs. *Banks v. City of Whitehall*, 344 F.3d 550, 554 (6th Cir. 2003), quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989). Plaintiff's allegations regarding fabrication of evidence is properly brought under the procedural due process clause of the Fourteenth

Amendment, as noted above. Further, allegations regarding malicious prosecution are specifically encompassed in the Fourth Amendment. Accordingly, Plaintiff is precluded from raising these same issues under the substantive due process analysis of the Fourteenth Amendment and Defendants' motions for judgment on Count Three is GRANTED.

### D. COUNT FOUR- *Monell* Claim against Norton

In Count Four, Plaintiff assert a claim against Norton under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91, 98 (1978). A municipality may be liable for a "constitutional deprivation" under 42 U.S.C. § 1983 if that deprivation is "visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decision making channels." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91, 98 (1978). A municipality, however, cannot be held liable "solely because it employs a tortfeasor." *Id.*

A plaintiff asserting municipal liability must adequately plead three elements to survive a motion to dismiss brought pursuant to Rule 12(b)(6). A plaintiff must plead: (1) that a violation of a federal right took place; (2) that the defendant(s) acted under color of state law; and (3) that a municipality's policy or custom caused that violation to happen. *Bright v. Gallia Cnty., Ohio,* 753 F.3d 639, 660 (6th Cir. 2014) (citing *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir.2008)). In other words, a plaintiff "must demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell*, 436 U.S. at 694).

Here, Plaintiff alleged that Norton "through its unconstitutional custom, policy, and practice, has deprived Burnette of clearly established substantive due-process rights as set forth in

7

Count 2 and Count 3 above." Doc. 25, ¶65. As noted above, the Court dismisses Counts Two and Three. Accordingly, these counts cannot serve as the basis for Plaintiff's *Monell* claim, and Plaintiff otherwise fails to establish that Norton violated his federal constitutional rights. Therefore, Count Four is hereby DISMISSED.

        E.      **COUNT FIVE- Malicious Prosecution under Ohio Law**

In Count Five, Plaintiff asserts that Starling and Connell maliciously instituted a prosecution without probable cause by manipulating, destroying, or concealing evidence. Doc. 25, p. 19. Defendants Starling and Connell concede that Plaintiff's state law malicious prosecution claim survives a motion to dismiss for the same purpose as noted in the Court's discussion regarding Count One. Accordingly, Defendant's motion to dismiss Count Five is DENIED.

**III.    CONCLUSION**

For the reasons set forth above, the Court GRANTS Norton's motion to dismiss and DISMISSES Count Four. The Court GRANTS Starling and Connell's motion in part (DISMISSING Counts Two and Three) and DENIES it in part. In Sum:

- Counts Two, Three, and Four are DISMISSED.
- Defendant City of Norton is hereby DISMISSED.
- Counts One and Five will proceed as to Starling and Connell.

**IT IS SO ORDERED.**

| | |
|---|---|
| **March 7, 2024** | **/s/ John R. Adams** |
| **Date** | **John R. Adams** |
| | **U.S. District Judge** |